IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. SCHROEDER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant.<br>_____/ | No. C 11-04412 CRB<br><br>**ORDER STAYING ARBITRATION** |

    AT&T Mobility LLC ("AT&T"), filed a Complaint and request for preliminary injunction in Case No. 11-3992 on August 12, 2011, requesting that this Court enjoin pending arbitrations filed against AT&T. On September 6, 2011, Deborah Schroeder and Astrid Mendoza filed a Petition to Enforce Arbitration Agreements in this case. On September 8, 2011, the Court related this case to Case No. 11-3992. Dkt. 6. On September 8, 2011, Plaintiffs in this case filed an ex parte application for an Order to Show Cause regarding the payment of arbitration fees. Dkt. 4. On September 9, 2011, Defendants moved to Compel Arbitration in Case No. 11-3992.

    The parties' central disagreement in both actions is whether the arbitration demands brought by Schroeder and Mendoza, as well as Laura Barrett and Leslie Bernardi (hereinafter "customers") exceed the scope of the arbitration agreements each customer signed with AT&T. The customers' arbitration demands challenge the proposed merger between AT&T and T-Mobile under the Clayton Act, 15 U.S.C. §§ 18 and 26. Whether the claims in the

1 arbitration exceed the scope of the arbitration agreements will be the focus of the Court's
2 hearing between the parties already scheduled for Friday, October 14, 2011.

3       The Court hereby stays any and all pending arbitrations between AT&T Mobility and
4 the customers, which also bars dismissal of such arbitrations, pending further order of this
5 Court. The Court finds such relief warranted by the standard of <u>Alliance for the Wild</u>
6 <u>Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). In particular, both the dismissal
7 and prosecution of the arbitrations at issue, prior to a determination of the scope of the
8 arbitration agreements by this Court, will cause both parties irreparable harm. Moreover,
9 temporary maintenance of the status quo benefits the public interest given the broad national
10 impact of the proposed merger between AT&T Mobility and T-Mobile, which the customers
11 are challenging in their demands for arbitration.

12       **IT IS SO ORDERED.**

15 Dated: September 12, 2011       CHARLES R. BREYER
      UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California